# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HARRY ARMITAGE,**

          **Plaintiff,**

**-vs-**                            **Case No. 6:05-cv-890-Orl-19KRS**

**DOLPHIN PLUMBING & MECHANICAL, LLC, RALPH PARROT,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR LEAVE TO CONDUCT ONE DEPOSITION OUTSIDE OF DISCOVERY PERIOD (Doc. No. 43)** |
| **FILED:** | **June 16, 2006** |

By the present motion, Plaintiffs Harry Armitage and Thomas Armitage seek leave to depose Defendant Ralph Parrott "outside of the discovery period." Doc. No. 43 at 1. Specifically, the plaintiffs request the Court to permit them to depose Parrott on July 6, 2006.[1] *Id*. Defendants Dolphin Plumbing & Mechanical LLC and Parrott oppose this particular request, arguing that the "[p]laintiffs have had numerous opportunities to take Mr. Parrott's deposition and have failed to work diligently to that end." Doc. 44 at 3. The defendants further assert that despite counsel's representations to the

---

[1] The discovery deadline in this matter was June 19, 2006. Doc. No. 41.

contrary, the present motion "is *not* unopposed and [p]laintiffs have materially misrepresented to this Court the facts underlying their motion." Doc. No. 44 at 1 (emphasis original).

When a party seeks an extension of a deadline contained in a scheduling order entered by the Court pursuant to Fed. R. Civ. P. 16(b), it must demonstrate good cause for the extension requested. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).[2] "To show good cause, a party must, as a prerequisite to further consideration of the motion, show diligence as to the matter that is the subject of the motion . . . ." *Wolf Designs, Inc. v. DHR & Co.*, 231 F.R.D. 430, 436 (N.D. Ga. 2005). Put simply, the good cause requirement contained in Rule 16(b) "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal quotation marks and citation omitted). If the party seeking the extension was not diligent, the inquiry need proceed no further. *Id.*; *see also Saewitz v. Lexington Ins. Co.*, 133 Fed.Appx. 695, 699 (11th Cir. 2005).

The plaintiffs have not demonstrated good cause as to why they were unable to conduct Parrott's deposition prior to the close of discovery. Indeed, the plaintiffs do not even offer any justification or explanation for their failure to do so. *Cf. White v. Volvo Trucks of North America, Inc.*, 211 F.R.D. 668, 670 (M.D. Ala. 2002) ("Since there has been no showing that the Plaintiff could not have located, disclosed, and furnished a report from an . . . expert by exercising due diligence during the period of over six months between the entry of the scheduling order and expiration of the deadline, there is simply no basis for this court not to enforce the deadline.").

---

[2] Although the present motion is couched as a request "for leave to conduct . . . deposition outside of discovery period," the plaintiffs are essentially seeking an extension of the discovery deadline so that they may depose Parrott.

Accordingly, the plaintiffs' Unopposed Motion for Leave to Conduct One Deposition Outside of Discovery Period (doc. no. 43) is hereby **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 19, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties