## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HARRY ARMITAGE and THOMAS
ARMITAGE,**

                              **Plaintiffs,**

**-vs-**                                             **Case No.  6:05-cv-890-Orl-19KRS**

**DOLPHIN PLUMBING & MECHANICAL,
LLC., RALPH PARROT,**

                         **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR TAXATION OF ATTORNEYS' FEES FOR PLAINTIFF HARRY ARMITAGE (Doc. No. 99)** |
| **FILED:** | **February 28, 2007** |

## I.    PROCEDURAL HISTORY.

        The present action is composed of two cases that were consolidated on August 2, 2005.  Doc.

No. 14.  In the individual cases, Plaintiffs Harry Armitage and Thomas Armitage separately filed

complaints against Defendants Dolphin Plumbing & Mechanical, LLC (Dolphin Plumbing) and Ralph

Parrot for alleged violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29

U.S.C. § 201 *et seq.*  Doc. No. 1; *Armitage v. Dolphin Plumbing & Mechanical, LLC.*, 6:05-cv-891-

Orl-19DAB, Doc. No. 1.

Dolphin Plumbing performed plumbing subcontractor services at apartment, condominium, hotel, and timeshare construction projects throughout Florida.  Doc. No. 96 at 1-2.  Parrot was the president and sole shareholder of the company.  *Id.* at 2.  Thomas Armitage worked for Dolphin Plumbing as a project manager from February 2002 until he left to form his own company.  *Id.*  As a project manager, he ran the job sites.  *Id.*  Harry Armitage began working for Dolphin Plumbing in June of 2002 as a plumber and later as a foreman.  *Id.* at 4.

A two-day bench trial was held on December 18, 2006.  After the trial, in an order dated February 13, 2007, the Court found that Thomas Armitage worked for the defendants in an executive position and was exempt from the overtime pay requirement of the FLSA.  *Id.* at 12.  With respect to Harry Armitage, the Court found that he was an employee of the defendants and awarded him $9,199.63 for his overtime compensation claim and an additional $9,199.63 in liquidated damages for a total award of $18,399.26.  *Id.* at 17, 22.  Judgment was entered against Dolphin Plumbing and Parrot, jointly and severally, on February 14, 2007.  Doc. No. 97.

Harry Armitage timely filed the present motion, in which he seeks $36,507.00 in legal fees.  Doc. No. 99.  In support of the motion, Armitage[1] submitted the affidavit of Charles L. Scalise, Esq., Armitage's counsel in this matter, doc. no. 99-2, time sheets detailing the hours worked by Armitage's attorneys and support staff, doc. no. 99-3, and the affidavit of N. James Turner, Esq., doc. no. 99-4.  Turner opines that the hourly rates and number of hours worked by Armitage's attorneys and paralegals were reasonable.

---

[1]     Throughout the rest of this Order, any reference to Armitage is to Harry Armitage. Any reference to Thomas Armitage will include his first name.

Dolphin Plumbing and Parrot have not responded to Armitage's motion. Therefore, I consider the motion to be unopposed.

## II.     STANDARD OF REVIEW.

*A.     Attorneys' Fees.*

The FLSA provides for a mandatory award of attorneys' fees. 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). Additional factors to be considered in determining a reasonable fee include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

"The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*.

Generally, a prevailing plaintiff may recover attorneys' fees incurred in establishing her entitlement to fees. *See Thompson v. Pharm. Corp. of Am.*, *Inc.,* 334 F.3d 1242, 1245 (11th Cir. 2003) (awarding fees for litigating entitlement to fees under 42 U.S.C. § 1988); *see also Schwartz v. High Q Seeds Corp.*, No. 05-60728-CIV, 2006 WL 1548385 (S.D. Fla. Mar. 13, 2006) (applying *Thompson* in a case brought under the FLSA).

**III.   ANALYSIS.**

   *A.   Prevailing Party Status.*

   Because the FLSA provides for an award of attorneys' fees only to a prevailing plaintiff, this is a threshold inquiry. 29 U.S.C. § 216(b). Here, it is clear that Armitage prevailed because judgment was entered in his favor against the defendants.

   *B.   Attorneys' Fees.*

   Scalise avers that the attorneys and paralegals in the firm worked 144.5 hours in litigating Armitage's complaint. He attests that the hourly rates were $95.00 for paralegals, and $150.00 to $300.00 for attorneys. Based on these rates, Scalise seeks $36,507.00 in attorneys' fees. Doc. No. 99-2.

   1.   <u>Reasonable Rate</u>.

   Scalise avers that he has practiced law in Florida continuously since 1988. He has practiced exclusively in the area of employment law for seven years and has over seventeen years of litigation experience. He seeks an hourly rate of $300.00. Doc. No. 99-2 ¶ 4 (Scalise Aff.). Turner avers that this hourly rate is reasonable, and Scalise cites other cases in which this Court has awarded him that hourly rate in the absence of objection. Based on this evidence, I conclude that this is a reasonable hourly rate for the work performed by Scalise in this case, in the absence of objection.

   Scalise attests that Pantas has practiced law in Florida since 1993. Pantas has practiced extensively in the area of employment law since 2000 and has over eleven years of litigation experience. He seeks an hourly rate of $300.00. *Id.* ¶ 5. Turner avers that this hourly rate is reasonable, but there is no evidence that any Court has awarded this hourly rate for Pantas's work. Indeed, in other cases, this Court has awarded $ 110.00 to $250.00 for Pantas's work in FLSA cases.

*See Kravits v. Carpet-Mills of Am.-Fla., Inc.*, Case No. 6:06-cv-1637-Orl-31KRS, Doc. No. 17 (May 2, 2007) (recommending an award of $110 per hour for Pantas's work); *Smith v. Brevard Sec. Specialists, Inc.*, No. 6:05-cv-1652-Orl-18KRS, 2007 WL 710140, at *4 (M.D. Fla. Mar. 6, 2007) (awarding $250.00 per hour for Pantas's work); *Reyes v. Falling Star Enter., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, at *3 (M.D. Fla. Oct. 12, 2006) (awarding $250.00 per hour for Pantas's work). *But see Rampersaud v. Ackeridge Commc'ns, LLC*, Case No. 6:06-cv-125-Orl-31KRS, Doc. Nos. 9, 10 (Aug. 2, 2006) (awarding the Pantas law firm $1.00 in attorneys' fees for work performed in that case). Accordingly, I conclude in the absence of objection that $250.00 per hour is a reasonable hourly rate for Pantas's work in this case.

Mary E. Lytle has practiced law in Florida since 1994. She has practiced exclusively in the area of employment law for ten years and has over twelve years of litigation experience. She seeks an hourly rate of $280.00 per hour. *Id.* ¶ 6. Turner avers that $280.00 per hour is a reasonable hourly rate for Lytle's work, but there is no evidence that any Court has awarded that rate for her work. Accordingly, I conclude in the absence of objection that $250.00 is a reasonable hourly rate for Lytle's work in this case.

Scott C. Adams has practiced law in Florida since 2002. He has practiced exclusively in the area of employment law for one year and has over two years of civil litigation experience. He seeks an hourly rate of $150.00. *Id.* ¶ 7. I find that his hourly rate is reasonable, in the absence of objection, in light of his experience and the work he performed in this matter.

Jessica Fissette has been a paralegal since 1999. She has extensive experience in drafting complaints, discovery, motions, and affidavits. She seeks an hourly rate of $95.00. Scalise avers that

state courts have found this rate reasonable for Fissette's work. *Id.* ¶ 8. I find that her hourly rate is reasonable, in the absence of objection, for legal work that she performed in this case.

Kristin Burke has been a paralegal for more than five years. She has experience in drafting complaints and other pleadings. She seeks an hourly rate of $95.00. Scalise avers that state courts have found this rate reasonable for Burke's work. *Id.* ¶ 9. I find that her hourly rate is reasonable, in the absence of objection, for legal work she performed in this matter.

Judy Cane has been a paralegal since 1999. She has extensive experience in both state and federal court litigation, including drafting complaints, discovery, motions, and affidavits. She seeks an hourly rate of $95.00. Scalise avers that state courts have found this rate reasonable for Cane's work. *Id.* ¶ 10. I find that her hourly rate is reasonable, in the absence of objection, for legal work she performed in this matter.

### 2.   Reasonable Number of Hours.

The next issue is whether the number of hours worked are reasonable. Scalise submitted time sheets describing the work performed by each of the individuals for whom fees are sought. Scalise's affidavit indicates that the following attorneys and paralegals performed the following hours of work: Pantas 5.3; Scalise 61.4; Lytle 46.1; Adams 10.5; Fissette 5.4; Burke 4.2; and Cane 11.6. Doc. No. 99-2 at 2-3.

The time sheets submitted by Scalise contain entries for work performed in both Armitage's and Thomas Armitage's case. Scalise has highlighted the time entries, and excluded hours worked solely relating to Thomas Armitage's case. Armitage's attorneys are not seeking attorneys' fees for work performed in Thomas Armitage's case.

In reviewing the submitted time sheets, it appears that Scalise has failed to strike some of the time entries solely related to work performed for Thomas Armitage, which Scalise acknowledges is not compensable.  The following time entries reflect work performed in furtherance of Thomas Armitage's case:

| Adams | 7/14/05 | Receipt and review of Amended Interested Persons Order. [*See* Case No. 6:05-cv-891-Orl-19KRS, doc. no. 8]. | 0.1 |
|-------|---------|------|-----|
| Adams | 7/27/05 | Receipt and review of Affidavit of Ralph Parrott [*sic*] [*See id.*, doc. no. 18]. | 0.2 |
| Adams | 8/1/05 | Receipt and review Defendants Certificate of Interested persons and Notice of Pendency of Other Actions (Thomas Armitage) | 0.1 |
| Adams | 8/12/05 | [R]eceipt and review of Order granting Motion to set aside default [*See id.*, doc. no. 17]. | 0.1 |
| Adams | 8/22/05 | Prepare draft answers to Court Interrogatories for Thomas Armitage | 1.0 |
| Adams | 8/25/05 | Telephone conference with client to review responses to court ordered interrogatories (Thomas Armitage) | 0.4 |
| Adams | 8/26/05 | Meeting with Thomas Armitage to review and sign interrogatory answers | 0.3 |
| Adams | 8/26/05 | Prepare Notice of Filing Answers to Court Interrogatory Answers (Thomas Armitage) | 0.1 |
| Lytle | 9/13/05 | Receipt and review Thomas Armitage's time records and pay sheets from Defendant (.20) receipt and review Defendant's verified summary of hours worked (.40) | 0.6 |

As a result, Adam's work will be reduced by 2.3 hours and Lytle's work will be reduced by 0.6 hours.

The time sheets also contain entries that reflect work that was clerical or administrative, which is not compensable, as listed in the following table.  *See, e.g.*, *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").

| Fissette | 4/7/2005 | Initial opening of files, due diligence reviews, corp search, asset checks, conflict checks, bankruptcy checks, pending case checks, prior claims checks | 1.8 |
|---|---|---|---|
| Fissette | 6/10/2005 | Incorporated revisions to complaint | .20 |
| Fissette | 8/29/2005 | Update deadlines per Court Order | .20 |
| Fissette | 10/19/2005 | Calendar dates from Case Management and Scheduling Order issued by the Court | .50 |
| Fissette | 10/20/2005 | Telephone call to Mediator[2] | .10 |
| Fissette | 10/25/2005 | Telephone call to opposing counsel | .20 |
| Fissette | 11/7/2005 | Telephone call to opposing counsel | .10 |
| Fissette | 11/8/2005 | Telephone call to Harry Armitage | .10 |
| Fissette | 11/21/2005 | Telephone call to opposing counsel (.10) telephone call to Harry Armitage (.10) | .20 |
| Burke | 2/23/2006 | Telephone conference with Harry Armitage | .20 |
| Burke | 3/17/2006 | Telephone call to opposing counsel | .20 |
| Burke | 4/27/2006 | Telephone call to opposing counsel re: deposition date and times | .20 |
| Burke | 5/17/2006 | Telephone call to opposing counsel | .20 |
| Burke | 5/26/2006 | Telephone conference with Harry Armitage re: depositions | .20 |

---

[2]        With respect to this and other telephone calls included in this table, I assume, in light of the lack of sufficient description of the subject matter of the calls, that Fissette was merely coordinating schedules, which is a clerical task.

| Burke | 6/1/2006 | Telephone call to First Choice Reporting – resetting depositions | .10 |
|-------|----------|------------------------------------------------------------------|-----|
| Burke | 6/1/2006 | Telephone call to Attorney Biedenharn re: changing places of depositions | .20 |
| Burke | 6/1/2006 | Telephone conference with Harry Armitage regarding depositions (.10); telephone conference with opposing counsel regarding depositions (.10) | .20 |
| Burke | 6/14/2006 | Email correspondence with legal assistant Donna Fontaine (.10); telephone conference with legal assistant Donna Fontaine (.10) | .20 |
| Cane | 12/4/2006 | Telephone conversation with Harry Armitage | .20 |

As a result, Fissette's work will be reduced by 3.4 hours, Burke's work will be reduced by 1.7 hours, and Cane's work will be reduced by 0.2 hours.

In the absence of objection, I find that the remaining hours worked are reasonable.

       3.    <u>Lodestar Attorneys' Fee Award</u>.

Based on the foregoing analysis, I conclude that the lodestar attorneys' fee in this case is as follows:

| PROFESSIONAL | HOURLY RATE | COMPENSABLE HOURS WORKED | TOTAL |
|--------------|-------------|--------------------------|-------|
| K.E. Pantas | $250.00 | 5.3 | $1,325.00 |
| Charles L. Scalise | $300.00 | 61.4 | $18,420.00 |
| Mary E. Lytle | $250.00 | 45.5 | $11,375.00 |
| Scott C. Adams | $150.00 | 8.2 | $1,230.00 |
| Jessica Fissette | $95.00 | 2.0 | $190.00 |
| Kristen Burke | $95.00 | 2.5 | $237.50 |
| Judy Cane | $95.00 | 11.4 | $1,083.00 |
| **GRAND TOTAL** | | | **$33,860.50** |

IV.     **RECOMMENDATION.**

For the foregoing reasons, I respectfully recommend that the motion be **GRANTED in**

**part and DENIED in part**.  I recommend that Harry Armitage be awarded $ 33,860.50 in

attorneys' fees.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 17, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy