**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HARRY ARMITAGE and THOMAS ARMITAGE,**

              **Plaintiffs,**

**-vs-**                                       **Case No. 6:05-cv-890-Orl-19KRS**

**DOLPHIN PLUMBING & MECHANICAL, LLC., RALPH PARROT,**

              **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AS TO PLAINTIFF THOMAS ARMITAGE (Doc. No. 100)**
>
> **FILED:** **February 28, 2007**

**I.    PROCEDURAL HISTORY.**

      The present action is composed of two cases that were consolidated on August 2, 2005. Doc. No. 14. In the individual cases, Plaintiffs Harry Armitage and Thomas Armitage separately filed complaints against Defendants Dolphin Plumbing & Mechanical, LLC (Dolphin Plumbing) and Ralph Parrot for alleged violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29

U.S.C. § 201 *et seq.*  Doc. No. 1; *Armitage v. Dolphin Plumbing & Mechanical, LLC.*, 6:05-cv-891-Orl-19DAB, Doc. No. 1.

Dolphin Plumbing performed plumbing subcontractor services for apartment, condominium, hotel, and timeshare construction projects throughout Florida.  Doc. No. 96 at 1-2.  Parrot was the president and sole shareholder of the company.  *Id.* at 2.  Thomas Armitage worked for Dolphin Plumbing as a project manager from February 2002 until he left to form his own company.  *Id.*  As a project manager, he ran the job sites.  *Id.*  Harry Armitage began working for Dolphin Plumbing in June of 2002 as a plumber and later as a foreman.  *Id.* at 4.

A two-day bench trial was held, beginning on December 15, 2006.  After the trial, in an order dated February 13, 2007, the Court found that Thomas Armitage had worked for the defendants in an executive position and was exempt from the overtime pay requirement of the FLSA.  *Id.* at 12.  With respect to Harry Armitage, the Court found that he was an employee of the defendants' and awarded him damages.  *Id.* at 17, 22.  Judgment was entered against Dolphin Plumbing and Parrot, jointly and severally, on February 14, 2007.  Doc. No. 97.

The defendants timely filed the present motion, in which they seek $18,505.00 in attorneys' fees and $1,354.16 in costs from Armitage.[1]  Doc. Nos. 100, 100-2.  In support of their motion, the defendants submitted the affidavit of Joseph C. Shoemaker, Esq., counsel for the defendants in this matter, doc. no. 100-2, time sheets detailing the hours worked by the defendants' attorneys and support staff and a summary of expenses, doc. no. 100-3, and court reporter invoices for the depositions of

---

[1]  Throughout the rest of this Order, any reference to Armitage is to Thomas Armitage.  Any reference to Harry Armitage will include his first name.

Armitage, Harry Armitage, and Parrot, doc. nos. 100-4, 100-5. Armitage filed a response to the defendants' motion. Doc. No. 102.

## II.  APPLICABLE LAW.

The FLSA provides for a mandatory award of attorneys' fees for a prevailing employee; however, it is silent as to a prevailing defendant. 29 U.S.C. § 216(b). Nevertheless, the United States Court of Appeals for the Eleventh Circuit has held that, "[a]lthough the attorney's fees provision of the FLSA does not address whether, or under what circumstances, attorney's fees should be awarded to a prevailing defendant, . . . this court has held that the FLSA entitles a prevailing defendant to attorney's fees only when the district court finds that the plaintiff litigated in bad faith." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998). *See also Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)(noting that, in an FLSA case, courts have inherent power to award attorney's fees to defendants when the "losing party 'acted in bad faith, vexatiously, wantonly or for oppressive reasons." (quoting *Alyeska Pipeline Serv. Co v. Wilderness Soc'y*, 421 U.S. 240, 258-89 (1975))). In analyzing a claim for attorney's fees under the bad faith standard, the court primarily considers the conduct and motive of a party, not the validity of the case. *Rothenberg v. Sec. Mgmt. Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir. 1984); *see also Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1503 (5th Cir. 1995)("[The] bad-faith exception to the American rule . . . punishes abuses of the litigation process.").

## III.  ANALYSIS.

### A.  *Attorney's Fees.*

The defendants argue that Armitage litigated in bad faith because, based on the evidence presented at trial, he did not have any colorable claims. Specifically, the defendants argue that the

evidence showed that Armitage's primary job duties were managerial, which included hiring day laborers, maintaining time records, answering questions from other employees about pay, and firing employees. The defendants did not present any evidence concerning Armitage's motive or intentions in pursuing his claims.

In considering whether Armitage acted in bad faith in furthering the litigation, the Court does not consider the merits of his case. Rather, it must be determined whether Armitage was litigating his case for an improper purpose. In the present action, there is no evidence that Armitage was pursuing his FLSA claim in bad faith.

Under the FLSA, an employee is entitled to received one and one-half times their regular rate of pay for all hours worked in excess of forty per week, unless that employee falls within one of the exemptions. 29 U.S.C. § 213(a)(1). At trial, the Court considered whether Armitage qualified for the executive exemption based on his performance of managerial duties. Doc. No. 96. In making this determination, the Court had to weigh the evidence and make credibility determinations concerning Armitage's testimony. The Court found that the long list of managerial duties performed by Armitage belied his statement "that he performed such management functions only about ten percent of the time." *Id.* at 96. The Court's determination that it did not find all of Armitage's testimony credible, without other evidence, does not lead to the inference that Armitage acted in bad faith.

There is no indication that Armitage pursued his claim for any other purpose than to recover FLSA damages. The defendants have not indicated that there were any instances in which Armitage purposely delayed the case or sought to use the litigation to wrongfully harm the defendants. While the Court did not find Armitage's testimony persuasive, there is no indication that he purposely tried to mislead the Court or knowingly altered his testimony. While the facts of the case demonstrate that

Armitage had a weak case, that alone is insufficient to establish bad faith. Accordingly, the defendants have failed to show that Armitage's conduct resulted in bad faith and they are not, therefore, entitled to attorney's fees.

*B.     Costs.*

The defendants seek to recover from Armitage the costs they incurred in pursuing this action. Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Here, it is clear that the defendants prevailed on Armitage's claim because the Court ruled in their favor in the Order entered after the trial. Doc. No. 96.

Armitage argues that the defendants are not entitled to costs because they did not file a Bill of Costs. I find this argument unavailing. In the Court's February 13, 2007 Order, the Court required the parties to assert all claims for costs and attorneys' fees in a motion filed no later than fourteen days following the entry of judgment. Doc. No. 96 at 22. The defendants clearly complied with the directives of the Court's Order. Armitage did not raise any objections with respect to the amount of costs sought, assuming that the Court found that the defendants were entitled to an award of costs.

The Supreme Court has held that 28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2001)(citing *Crawford*, 482 U.S. at 445). The Court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

> The following are allowable as costs under § 1920:
>
> (1)  Fees of the clerk and the marshal;
>
> (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case;
>
> (3)  Fees and disbursements for printing and witnesses;
>
> (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5)  Docket fees under 28 U.S.C. § 1923; and
>
> (6)  Compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services.

*Id*.

Other litigation expenses, including "facsimiles, long distance telephone calls, couriers, express mail, computerized legal research, attorney travel and lodging, postage, search services, office supplies, attorney meals, secretarial services, mediation and expert witness fees are not compensable under § 1920 because these expenses are not enumerated in the statute." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002).

In Shoemaker's affidavit, he avers that the defendants incurred a total of $2,286.75 in costs in defending the complaints filed by Thomas and Harry Armitage.  Shoemaker Aff. ¶6.  Of this amount, he avers that, pursuant to § 1920, $1,354.16 is attributable to Thomas Armitage.  However, Shoemaker's affidavit does not provide any indication as to the costs included in the amount sought. Based on the Court's own calculations, it appears that the defendants are seeking $758.15 in costs associated with Armitage's deposition and the preparation of the deposition transcript, doc. no. 100-4,

$458.26^2$ in costs relating to Ralph Parrot's deposition transcript, doc. no. 100-5, and $138.00 in photocopying costs, doc. no. 100-3 at 11-12.[3]

      1.    Deposition and Deposition Transcripts.

The Eleventh Circuit has concluded that § 1920 includes deposition costs that were incurred for use in the case, but does not include deposition costs incurred merely for convenience or investigation. *W&O*, 213 F.3d at 620-21. The defendants used both Armitage's and Parrot's depositions in preparation for trial. Accordingly, in the absence of objection, these costs are taxable under § 1920.

      2.    Photocopying Costs.

Under § 1920 "[a] prevailing party may recover photocopy costs for copies that the 'party could have reasonably believed' were necessary to the litigation." *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (citing *W&O*, 213 F.3d at 623). "To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." *Id.*; *accord Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (disallowing copying costs because the plaintiff failed to provide evidence of the documents' use or intended use).

---

    [2]    In their summary of expenses, the defendants list the cost of the deposition transcript as $458.26. Doc. No. 100-3 at 11. However, the invoice from the court reporter lists the cost of the transcript as $416.60 if paid before September 12, 2006, and $458.26 if paid after that date. Doc. No. 100-5.

    [3]    In adding these costs ($758.15 + $458.26 + $138.00), the total amount of costs sought by the defendants equals $1354.41, which is $0.25 greater than the amount alleged in Shoemaker's affidavit. Doc. No. 100-2 ¶ 6. It appears that the $0.25 is a calculation error.

In the present action, the defendants' summary of expenses does not separate expenses incurred in defending the actions brought by each plaintiff. In addition, it offers no explanation as to why the photocopies were made. Having failed to support the request for costs by a showing that the photocopy expenses were necessarily incurred in conjunction with the defense of the claims brought by Thomas Armitage, the defendants have not established that an award of photocopy costs is warranted.

**IV.     RECOMMENDATION.**

For the foregoing reasons, I respectfully recommend that the motion be **GRANTED in part and DENIED in part**. I recommend that Defendants Dolphin Plumbing & Mechanical, LLC and Ralph Parrot be awarded $ 1,216.41 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy